UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAWN K. WADE,
Plaintiff-Appellant,

v.                                                         No. 96-2333

NORFOLK SOUTHERN CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Tommy E. Miller, Magistrate Judge.
(CA-95-1212-2)

Submitted: August 5, 1997

Decided: August 27, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott M. Reed, SCOTT M. REED, P.C., Virginia Beach, Virginia;
Linda W. Harris, LINDA W. HARRIS, P.C., Virginia Beach, Vir-
ginia, for Appellant. David Nash Payne, Heather A. Mullen, WIL-
LIAMS, KELLY & GREER, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dawn K. Wade appeals from a magistrate judge's order granting Defendant's motion for dismissal and for summary judgment in her civil action filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 (1994) ("Title VII"). On appeal, she asserts that the magistrate judge erred by finding her claim for discriminatory demotion untimely and that she presented sufficient evidence to establish a prima facie case of discrimination and to show that Defendant's reasons for demoting and not promoting her were pretextual. Finding no reversible error, we affirm.

Wade has worked for Defendant in various contract (union) capacities since 1988. After expressing an interest in the non-contract management position of yardmaster, she began training for the position of relief yardmaster and worked periodically in that position on a rotating, as needed basis from January 1992 to August 1993. Her supervisors testified that while she was technically proficient, her supervisory, communication, and people skills were subpar. She was frequently antagonistic toward both supervisors and subordinates. In July 1993, Wade was involved in a heated verbal altercation with a subordinate that resulted in the subordinate's suspension and Wade's removal from the relief yardmaster list.

Wade filed a charge with the EEOC in September 1993, alleging that she was passed over for promotion to yardmaster because of her gender. She filed an amended charge in June 1994, alleging that Defendant discriminated against her on three other occasions by denying promotion and by removing her name from the relief yardmaster list. The EEOC issued a right to sue letter, and Wade filed a timely complaint.

After discovery, which included numerous depositions, Defendant filed a motion to dismiss Wade's claim of discriminatory removal because it was untimely filed and for summary judgment on her claims concerning failure to promote. The parties consented to try the case before a magistrate judge, who granted Defendant's motion. Wade asserts that the magistrate judge erred by dismissing as

2

untimely her claim that Defendant discriminated against her when it removed her name from the relief yardmaster list. She contends that she raised this claim in her original charge, or, in the alternative, that her claim should be related back to the original charge.

This Court reviews de novo the magistrate judge's decision to dismiss Wade's claim. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Under Title VII, a plaintiff must file her charge with the EEOC within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1) (1994). In this case, Defendant raised this statute of limitations as an affirmative defense because Wade filed her second charge approximately ten months after her name was removed from the relief yardmaster list.

We affirm the magistrate judge's finding that Wade's claim was untimely.* Wade's initial charge complained only of Defendant's failure to promote her to yardmaster; only in her accompanying affidavit does she even mention that she was removed from the relief yardmaster list, and there is no claim that this action was discriminatory. We find that the magistrate judge correctly held that this passing reference was insufficient to give Defendant notice that Wade considered this act discriminatory.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (italics in original); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the magistrate judge properly granted the Defendant's motion.

Since there was no direct evidence of discrimination, Wade relied

_____

*Wade does not assert estoppel or equitable tolling.

3

upon the proof scheme established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Under <u>McDonnell Douglas</u>, Wade must first make a prima facie showing of discrimination. Then the burden shifts to the Defendant to articulate some legitimate, nondiscriminatory reason for its actions. If the Defendant does so, the burden shifts back to Wade to prove by a preponderance of the evidence that the legitimate reasons offered by the Defendant were merely a pretext for sexual discrimination. <u>See St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 506-10 (1993) (applying <u>McDonnell Douglas</u>).

To establish a prima facie case of discrimination based on her removal from the relief yardmaster list, Wade must satisfy one of two tests. If the removal was considered a discriminatory demotion, she must show that: (1) she was a member of a class protected by Title VII; (2) she was demoted; (3) she was performing her job at an acceptable level at the time of the demotion; and (4) she was replaced by someone of equal qualifications, who was outside of the protected class, after the demotion. <u>See Tuck v. Henkel Corp.</u>, 973 F.2d 371, 375 (4th Cir. 1992). If the removal was a discriminatory discharge, Wade must show that: (1) she was a member of a class protected by Title VII; (2) she was engaged in misconduct which was comparably serious to that of other employees outside of the protected class; and (3) she was more severely punished than those other employees. <u>See Cook v. CSX Transp. Corp.</u>, 988 F.2d 507, 511 (4th Cir. 1993).

In the present case, it is undisputed that Wade is a member of a protected class and that she was demoted. However, she failed to establish any of the remaining elements under either test. Several supervisors testified that Wade was not performing her job in an acceptable manner. While she was technically proficient, she was confrontational toward superiors and subordinates, and her supervisors testified that the ability to work well with others was an important aspect of the job. The magistrate judge also properly found that there was no evidence that Wade was replaced by anyone or that any other relief yardmasters engaged in similar misconduct (i.e., being involved in a heated verbal altercation with a subordinate). Therefore, we find that Wade failed to make a prima facie showing of discrimination when she was removed from the relief yardmaster list.

Even assuming Wade made out a prima facie case, she concedes that the Defendant offered a legitimate, nondiscriminatory reason for

4

its action (i.e., that she possessed unsatisfactory supervisory, communication, and people skills). Wade asserts on appeal, however, that this reason was pretextual and was the result of her supervisors fabricating a negative record. The magistrate judge correctly concluded that Wade presented no evidence to support her allegations and that her bald assertions standing alone are insufficient to withstand a motion for summary judgment. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996).

To establish a prima facie case of discrimination in her failure to promote claim, Wade must show that: (1) she was a member of a protected class; (2) she applied for an open position; (3) she was qualified for the position; and (4) she was denied promotion under circumstances which created an inference of unlawful discrimination. Evans, 80 F.2d at 959-60. In addition, since employers are allowed to choose among equally qualified candidates, the burden was on Wade to show she was more qualified than those chosen for the position. Id. at 960.

Again, it is undisputed that Wade satisfied the first two criteria. However, the magistrate judge properly concluded that she failed to establish the other two. Wade's supervisors testified she was not qualified for the yardmaster position because she lacked the necessary supervisory, communication, and people skills, and Wade provided no evidence, other than her bald assertions to the contrary, to dispute this evaluation. Wade's supervisors also testified that the four candidates chosen for the vacant yardmaster positions were more qualified than Wade. All four candidates had good supervisory, communication, and people skills, were never involved in altercations with superiors or subordinates, were recommended for promotion by their supervisors, and were found to be acceptable candidates by the personnel department after an independent evaluation. In addition, two candidates had college degrees, two had more seniority, and two were selected for promotion to yardmaster positions for which Wade did not apply and for which she was not trained. In short, we find that the magistrate judge properly found that the selection of better qualified candidates did not give rise to an inference of discrimination.

Even if Wade made out a prima facie case of discrimination, she again concedes that the Defendant offered a legitimate, nondiscrimi-

5

natory reason for not promoting her (i.e., that the other candidates were better qualified). Once more, however, her bald allegations that her supervisors fabricated an adverse record were the only evidence she offered in support of her claims that this reason was pretextual. This was insufficient to withstand a motion for summary judgment.

We therefore affirm the order of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED